# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Shanika Jackson<br>    *Plaintiff* | )<br>)<br>) |
| v. | )<br>)    Case No.   3-16-cv-268-CRS<br>) |
| Service Financial Company<br>*Assumed name for*<br>River City Adjustment Bureau, Inc.<br>    *Defendant*<br>Serve:<br>        David R. Deatrick, Jr.<br>        1587 Story Avenue<br>        Louisville, KY 40206 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by a consumer seeking declaratory relief and damages for himself and on behalf of all similarly-situated Kentucky citizens for Defendant Service Financial Company's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.      Service Financial Company ("SFC") filed a lawsuit against Plaintiff Shanika Jackson on March 5, 2007 in the Jefferson District Court of Jefferson County, Kentucky in an attempt to collect a debt. SFC obtained a default judgment against Ms. Jackson on May 15, 2007.

3.      At no point after May 15, 2007 did SFC file a bill of costs as required by KRCP 54.04(2), which states "A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him <u>in the action . . . and such other costs</u>

recoverable as part of the judgment." SFC never followed the prescribed procedure under the Kentucky Rules of Civil Procedure for obtaining an award of its court costs in the judgment. SFC subsequently filed a series of wage and non-wage garnishments against Ms. Jackson, the most recent of which was filed on March 7, 2016. In its garnishments, SFC attempted to collect and included as due and owing court costs to which it was not entitled.

4.      As a pattern and practice SFC has in the same unlawful manner collected or attempted to collect unauthorized court costs from numerous other Kentucky consumers like Ms. Jackson. These and other acts by SFC violate the FDCPA. Ms. Jackson seeks statutory damages, actual damages, and injunctive relief.

## JURISDICTION

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

6.      Plaintiff Shanika Jackson is a natural person who resides in Jefferson County, Ky. Ms. Jackson is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7.      Defendant Service Financial Company ("SFC"), assumed name for River City Adjustment Bureau, Inc., is a Kentucky corporation, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. SFC's principal place of business is located at 4641 Dixie Highway, Louisville, KY 40216.

8.      SFC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

9.      On March 5, 2007, Service Financial Company ("SFC") filed a complaint in the Jefferson District Court (the "State Court Suit") against Plaintiff Shanika Jackson under case number 07-C-002828 in an attempt to collect a deficiency balance on an auto loan originally extended to Ms. Jackson by Belgray Auto Sales, Inc. ("Belgray").

10.      Ms. Jackson used the Belgray auto loan at the basis of the State Court Suit exclusively for personal, family, and household purposes, which makes the Belgray auto loan a "debt" within the meaning of the FDCPA.

11.      On May 15, 2007, SFC obtained a judgment against Ms. Jackson in the State Court Suit (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit "A."

12.      The Judgment awarded SFC "the sum of $3,397.00, with interest thereon at the rate of 6.000% per annum from September 14, 2006 until paid, plus attorney fees in the amount of $509.55, pursuant to statute, and its court costs herein expended."

13.      As of the date the Judgment was entered, the total amount of the Judgment, exclusive of court costs, was $4,042.24.

14.      On June 6, 2007, SFC recorded a notice of judgment lien pursuant to the Judgment with the County Clerk of Jefferson County, Kentucky (the "Judgment Lien"). A copy of the Judgment Lien is attached hereto as Exhibit "B."

15.      The Judgment Lien states that as of May 24, 2007, $4,142.77 was due and owing on the Judgment, and that this sum included $95.50 in "court costs to date."

16.      Also on June 6, 2007, SFC filed a wage garnishment with the Jefferson District Court in an attempt to collect the Judgment (the "First Garnishment"). A copy of the First Garnishment is attached hereto as Exhibit "C."

17.     The First Garnishment states that the amount due on the judgment is $4,142.77, the same amount as stated in the Judgment Lien. The First Garnishment also states that SFC is owed additional "probable court costs" of $14.78.

18.     The First Garnishment did not attach any funds belonging to Ms. Jackson.

19.     Between June 6, 2007 and March 6, 2016, SFC issued two more non-wage garnishments against Ms. Jackson, as well as two garnishments directed against Reginald Palmer, the second defendant in the State Court Suit (the "Second through Fifth Garnishments").

20.     None of the Second through Fifth Garnishments attached any funds belonging to Ms. Jackson or to Reginald Palmer.

21.     On March 7, 2016, SFC filed a wage garnishment with the Jefferson District Court in an attempt to collect the Judgment (the "Sixth Garnishment"). A copy of the Sixth Garnishment is attached hereto as Exhibit "D."

22.     The Sixth Garnishment states that the amount due on the judgment is $5,837.94, and also states that SFC is owed additional "probable court costs" of $20.98.

23.     On March 7, 2016, the total amount due and owing on the Judgment, exclusive of court costs, was $5,699.61, or approximately $138 less than the amount stated as due and owing to SFC on the Sixth Garnishment.

24.     The additional amount of $138 reflected in the Sixth Garnishment, plus the "probable court costs" stated therein of $20.98, reflect SFC's court costs expended in the State Court Suit, its lien recording fees, and its costs and expenses associated with filing the First through Sixth Garnishments.

25.     The Sixth Garnishment attached wages belonging to Ms. Jackson.

26.     A portion of the funds attached by the Sixth Garnishment in the State Court Suit

were applied to reimburse SFC's court costs, lien recording fees, and garnishment processing fees.

27.     At no time between May 15, 2007 and March 7, 2016 did SFC prepare and serve a bill of costs as required by Ky. R. Civ. P. 54.04 in order to legally have the right to recover its court costs awarded in the Judgment.

28.     At no time between May 15, 2007 and March 7, 2016 did SFC prepare and serve a bill of costs as required by Ky. R. Civ. P. 54.04 in order to advise of its intention to recover its costs of collection which were not awarded in the Judgment and which are not legally recoverable under Kentucky law.

29.     As a pattern and practice SFC has collected, or attempted to collect, against numerous Kentucky consumers, court costs without first serving a bill of costs to defendant/debtor consumers, and collection expenses other than the cost of service of orders of attachment or garnishment expended in seeking to collect on a judgment from defendant/debtor consumers, without first serving the defendant/debtor consumer a bill of costs and thereafter obtaining a supplemental judgment for such court costs and/or permissible cost of service of orders of attachment or garnishment pursuant to Ky. R. Civ. P. 54.04.

## CLASS ALLEGATIONS

30.     Plaintiff Shanika Jackson ("Jackson") brings this action individually and as a proposed class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**Class:** All Kentucky consumers against whom Defendant Service Financial Company, assumed name for River City Adjustment Bureau, Inc., or its agents, employees, or

representatives, within one year prior to the date of the filing this complaint:

(a)     Obtained a judgment in any court of the State of Kentucky for a "debt" within the meaning of the FDCPA, and

(b)     collected or attempted to collect court costs awarded by the judgment, or, collection expenses other than the cost of service of orders of attachment or garnishment expended in seeking to collect on a judgment from a defendant/debtor consumer without first serving a bill of costs to the defendant and thereafter obtaining a supplemental judgment for the permissible court costs or the permissible cost of expense of service of an order of attachment or order of garnishment pursuant to Ky. R. Civ. P. 54.04.

31.     This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the proposed Class for SFC's violations of the FDCPA.

32.     This action also seeks injunctive relief enjoining SFC from collecting or attempting to collect court costs without first serving a bill of costs to defendant/debtor consumers as mandated by Ky. R. C. P. 54.04(2) and/or collection expenses other than the cost of service of orders of attachment or garnishment expended in seeking to collect on a judgment from the consumer without first serving the defendant/debtor consumers a bill of costs and obtaining a supplemental judgment for such permissible court costs and collection expenses pursuant to Ky. R. Civ. P. 54.04.

33.     The proposed Class as set out *supra* and so represented by Plaintiff Shanika Jackson in this action, and of which she herself is a member, consists of those persons defined above and which proposed Class are so numerous that joinder of individual members is

impracticable.

34. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

35. There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Classes have the same issues of law in common: Whether SFC had the right to collect or attempt to collect from consumers court costs or other collection expenses expended in obtaining judgments in the District or Circuit Courts of this state without filing and serving a bill of costs with the court and obtaining a supplemental judgment for costs in accordance with Ky. R. Civ. P. 54.04.

36. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

37. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

38. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

39. Plaintiff's attorney has successfully represented other claimants in similar litigation.

40. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

41.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

42.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

43.     The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

44.     Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

45.     The above-described actions by Service Financial Company, assumed name for River City Adjustment Bureau, Inc. ("SFC") constitute violations of the Fair Debt Collection Practices Act.

46.     Defendant SFC's violations of the FDCPA include, but are not limited to, the following:

A.      Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B.      Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C.      Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D.      Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E.      Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F.      Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G.      Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shanika Jackson requests the Court grant her relief as follows:

a.      Award the maximum amount of statutory damages for each member of the proposed class provided under 15 U.S.C. §1692k;

b.      Issue an injunction enjoining Service Financial Company, assumed name for River City Adjustment Bureau, Inc. ("SFC") from collecting or attempting to collect court costs or other collection expenses expended from Kentucky defendant/debtor consumers by judgments obtained in Kentucky State Courts without first serving the defendant/debtor consumers the bill of costs and obtaining the supplemental judgment for costs required under Ky. R. Civ. P.

54.04(2);

     c.      Award Plaintiff and members of the proposed class their attorney's fees, litigation expenses and costs;

     d.      Award Plaintiff and members of the proposed class their actual damages under 15 U.S.C. §1692k equivalent to any improperly collected court costs or collection expenses collected by SFC from Plaintiff and members of the proposed Class;

     e.      A trial by jury; and

     f.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:  (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com